J-S20036-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID ROY HERDMAN | : | |
| | : | |
| Appellant | : | No. 1551 WDA 2018 |

Appeal from the PCRA Order Entered October 1, 2018
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002494-2014

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.: FILED MAY 13, 2019

Appellant, David Roy Herdman, appeals pro se from the order entered in the Cambria County Court of Common Pleas, which dismissed his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On February 4, 2016, Appellant entered an open guilty plea to one count of aggravated indecent assault. The court sentenced Appellant on May 10, 2016, to five (5) to ten (10) years' incarceration and declared him a sexually violent predator ("SVP"). Appellant sought no direct review.

On May 16, 2018, Appellant filed a pro se PCRA petition. The PCRA court appointed counsel on May 23, 2018. On June 26, 2018, PCRA counsel

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

filed a petition to withdraw and a Turner/Finley[2] no-merit letter. Appellant filed a pro se response to counsel's Turner/Finley letter on July 16, 2018. On August 1, 2018, the PCRA court permitted counsel to withdraw. The court issued Rule 907 notice on August 14, 2018, and Appellant filed a pro se response on August 29, 2018. On October 1, 2018, the PCRA court denied Appellant's PCRA petition. On October 22, 2018, Appellant timely filed a pro se notice of appeal, as well as a pro se voluntary concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Zeigler, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within 60 days of when the

---

[2] Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

claim could first have been presented.[3] 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on June 9, 2016, upon expiration of the 30-day period to file a direct appeal in this Court. See Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on May 16, 2018, which is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1). Additionally, Appellant failed to plead and prove any exception to the PCRA timeliness requirements. Therefore his petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2019

_____

[3] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment does not apply to Appellant's case, which arose before the effective date of the amendment.